IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CLARENCE L. DUNSON,
     Plaintiff,

vs.                                 Case No. 5:11cv322/MP/CJK

SERGEANT MCKINNEY, et al.,
     Defendants.

---

ORDER and
REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's amended civil rights complaint filed under 42 U.S.C. § 1983 (doc. 4), and motion for leave to proceed *in forma pauperis* (doc. 5). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. Upon review of plaintiff's amended complaint, the court concludes that this case should be dismissed, because plaintiff's claims are barred by the restrictions of 42 U.S.C. § 1997e(e), and Eleventh Amendment immunity.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Union Correctional Institution. Plaintiff was confined at Jackson Correctional Institution ("Jackson CI") at the time of the events giving rise to this lawsuit. Plaintiff's amended complaint names five Jackson CI officials: Captain McKinney, Lieutenant McKinney, Lieutenant Daffin, Staff Assistant Sheryl Conrod and Assistant Warden

Buddy Kent.  (Doc. 4, pp. 1-2).  Plaintiff claims the defendants violated the First Amendment and *Turner v. Safely*, 482 U.S. 78 (1987), when they confiscated plaintiff's Uniform Commercial Code materials and "other legal documents that came to me th[rough] [the] institution mail room."  (*Id.*, pp. 5-7).  As relief, plaintiff seeks the following:  "I want to sue each defendant in the[i]r individaully [sic] official capacity and for punitive damages and compensatory damages."  (*Id.*, p. 7).

## DISCUSSION

Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915.  Section 1915 requires the court to dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The court may dismiss the complaint if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a

claim).   The court may also dismiss the complaint under Rule 12(b)(6), if the complaint's factual allegations – on their face – show that an affirmative defense bars recovery on plaintiff's claim.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*,  549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

Taking the allegations of the amended complaint as true and construing them in the light most favorable to plaintiff, plaintiff's allegations show that plaintiff's individual capacity claims are barred by 42 U.S.C. § 1997e(e).  The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The Eleventh Circuit has concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002).  This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition.  It is evident from the face of the pleadings that plaintiff was a prisoner at the time he filed this action, and that the harm complained of occurred while plaintiff was in custody.  Plaintiff's claims for compensatory and punitive damages, which cannot be liberally construed as requesting nominal damages, are based on the emotional distress plaintiff suffered as a result of the defendants' alleged conduct, and/or the fact of the alleged constitutional violations themselves (divorced from any mental or emotional injury they caused).  The amended complaint identifies no physical injury arising from defendants' conduct.  *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("*Harris I*") (concluding that in order to satisfy § 1997e(e) "the physical

injury must be more than *de minimis*, but need not be significant."), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11ᵗʰ Cir. 1999), *opinion reinstated in relevant part*, 216 F.3d 970 (11ᵗʰ Cir. 2000) ("*Harris II*"). Thus, plaintiff is prohibited under the PLRA from bringing his damages claims. *Harris I*, 190 F.3d at 1287-88 (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e)), *reinstated on reh'g*, *Harris II*, 216 F.3d at 972; *see also Al-Amin v. Smith*, 637 F.3d 1192 (11ᵗʰ Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

Plaintiff's official capacity claims are barred by the Eleventh Amendment. "Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Fla. Dep't of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11ᵗʰ Cir. 1986); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309-10, 105 L. Ed. 2d 45 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." (citations omitted)). A suit against a state employee in his or her official capacity is deemed a suit against the state for Eleventh Amendment purposes.

*Will*, 491 U.S. at 71, 109 S. Ct. 2304; *Gamble*, 779 F.2d at 1512 (holding that the Eleventh Amendment "will bar damage awards against state officers sued in their official capacities in suits brought in federal court pursuant to 42 U.S.C.A. § 1983."). As plaintiff's official capacity claims seek monetary relief against the State of Florida, which is immune from such relief, plaintiff's claims must be dismissed.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 5) is GRANTED.

And it is respectfully RECOMMENDED:

1.   That plaintiff's individual capacity claims be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That plaintiff's official capacity claims be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(iii), as barred by the Eleventh Amendment.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 18th day of November, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).